# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07878-RGK-MAR | Date | September 24, 2025 |
|---|---|---|---|
| Title | *Pete Piceno et al v. Bestway USA Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order to Show Cause Re: Stipulation to Transfer Venue [18]

On August 21, 2025, Pete Piceno and Shannon Gannon (collectively, the "Plaintiffs") initiated the present putative national class action against Bestway USA Inc. ("Bestway USA"), Bestway Hong Kong International Ltd., and Bestway Inflatables and Material Corp. (ECF No. 1.) To date, only Bestway USA has been served. On September 18, 2025, Bestway USA filed a stipulation on behalf of itself and Plaintiffs to request the Court to transfer this action to the United Status District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) and the first-to-file rule (the "Stipulation"). (ECF No. 18.)

Upon review of the Stipulation, the Court **ORDERS** the stipulating parties to **SHOW CAUSE**, in writing, that transferring this action would be proper either because (1) this action could have been brought in the Northern District of Illinois or *all* parties, even those who have not been served, consented to this venue as 28 U.S.C. § 1404(a) requires; or (2) the first-to-file rule indicates transferring this entire action to the Northern District of Illinois would be proper.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which *all* parties have consented." 28 U.S.C. § 1404(a) (emphasis added). In the Stipulation, the parties fail to explain how this action could have been brought in the requested venue. Additionally, while the stipulating parties explain that Plaintiffs and Bestway USA have consented to litigating in the Northern District of Illinois, they fail to indicate whether the other defendants who have not been served yet have consented. Further explanation on either of these points is required to discern whether transferring this action would be proper for those remaining defendants under 28 U.S.C. § 1404(a).

The first-to-file rule allows a district court to transfer, stay, or dismiss an action if a similar action with substantially similar issues and parties was previously filed in another district court. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239–40 (9th Cir. 2015). In the Stipulation, the

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07878-RGK-MAR | Date | September 24, 2025 |
|---|---|---|---|
| Title | *Pete Piceno et al v. Bestway USA Inc. et al* | | |

signing parties assert that similar allegations in this action have been brought against Bestway USA in an earlier putative national class action that is pending in the Northern District of Illinois. *See Castro v. Bestway (USA) Inc.*, No. 1:25-cv-09570 (N.D. Ill. Aug. 12, 2025). However, the stipulating parties fail to clearly identify that this action has substantially similar issues and parties as the first-to-file rule requires. Thus, further explanation is required to support the request to transfer venue on this ground.

In light of the above, the Court finds that Bestway USA and Plaintiffs have not sufficiently explained their bases for requesting to transfer venue pursuant to 28 U.S.C. § 1404(a) or the first-to-file rule.

Accordingly, the Court **ORDERS** Bestway USA and Plaintiffs to **SHOW CAUSE, in writing, that transferring this action to Northern District of Illinois would be proper**. Such a response **shall not exceed seven pages** and must be submitted within **seven days** of this Order's issuance. Failure to respond to this Order may result in a denial of the Stipulation.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/gz |